**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

DERRICK DIONTAY HARDEN,

        Plaintiff,

    v.

NATHAN DEAL, et al.,

        Defendants.

CIVIL ACTION NO.: 5:17-cv-158

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff also filed Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 2-1.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motions. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff asserts that Defendant Davis, the librarian, gave his certified mail to Defendant Johnson, in violation of his rights. (Doc. 1, p. 5.) In addition to Defendants Davis and Johnson, Plaintiff names several other individuals as Defendants, from Governor Nathan Deal to Chief Counselor Bowles, and claims these individuals are responsible for training and the alleged violation of Plaintiff's rights. Plaintiff requests $25 million in damages and his immediate release from prison. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.     Claims Against Defendants Davis and Johnson

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v.

<u>Tallapoosa Cty.</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." <u>Id.</u>

Plaintiff asserts that Defendant Davis gave his certified mail to Defendant Johnson. (Doc. 1, p. 5.) However, Plaintiff fails to set forth any facts indicating that Defendants Johnson and Davis committed any act resulting in the violation of Plaintiff's constitutional rights. Thus, Plaintiff's claims against Defendants Davis and Johnson should be **DISMISSED** based on Plaintiff's failure to meet the most basic pleading requirement. <u>See</u> Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); <u>Iqbal</u>, 556 U.S. at 678; <u>Hale</u>, 50 F.3d at 1582.

To the extent Plaintiff's claims can be read to assert a claim that Defendants Davis and Johnson interfered with Plaintiff's legal mail—and thus, his access to the courts, any such claim is also subject to dismissal. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 n.12 (2002)). However, to bring an access to courts claim, an inmate must establish that he suffered an actual injury. In interpreting the actual injury requirement, the Eleventh Circuit Court of Appeals stated:

> The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the . . . official's actions which allegedly infringed on an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. <u>See</u> <u>Lewis [v. Casey</u>, 518 U.S. [343, 352–54 (1996)]. Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition or a civil rights action. <u>See id.</u> at 352–57.

<u>Bass v. Singletary</u>, 143 F.3d 1442, 1445 (11th Cir. 1998).

Plaintiff does not allege enough in his Complaint to plausibly satisfy the actual injury prerequisite. Plaintiff fails to allege that Defendants Davis' and Johnson's actions prevented him from missing any court-imposed deadlines, and he does not provide any information as to any claims he was pursuing or whether any such claims were non-frivolous legal claims. Plaintiff's conclusory allegations that Defendants Davis and Johnson violated his rights are not enough to satisfy the pleading requirements. Accordingly, Plaintiff's claims against Defendants Davis and Johnson should be **DISMISSED** for this reason, as well.

## II. Plaintiff's Claims Against the Remaining Defendants

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.[1] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff seeks to hold Defendants Nathan Deal, Dozier, Toole, James Deal, Kilpatrick, Crawford, Cox, Turner, and Bowles liable solely based on their supervisory positions as:

---

[1] The principle that *respondeat superior* is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

Governor of the State of Georgia; Commissioner of the Georgia Department of Corrections; Regional Director; Warden, Deputy Wardens; Unit Manager; a Captain; and Chief Counselor. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions of these Defendants and the alleged violation of Plaintiff's constitutional rights. He does not allege that these Defendants were personally involved in the conditions that he complains of or that the conditions resulted from some custom or policy these Defendants promulgated or maintained. Plaintiff also fails to plausibly allege that these Defendants directed the allegedly unlawful conditions or ignored a widespread history of abuse in this regard. In fact, Plaintiff fails to make any factual allegations against these Defendants, let alone even conclusory allegations that these Defendants were aware of or were personally responsible for the alleged violations of Plaintiff's constitutional rights. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Nathan Deal; Dozier; Toole; James Deal; Kilpatrick; Crawford; Cox; Turner; and Bowles.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

---

[2]  A certificate of appealability is not required in this Section 1983 action.

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

The Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 2-1.) I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA